UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL CASE NO. 22-cr-326-RBW |
| | : | |
| JAMES BRADLEY, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO REDUCE SENTENCE

On February 23, 2023, following fulsome briefing and a hearing, the Defendant, James Bradley, was sentenced to a within-guidelines sentence of 15 months of incarceration, 36 months of supervised release, full restitution and forfeiture of $205,421.82, 200 hours of community service, and a $100 special assessment. Now, by way of a letter submitted to the Court, the Defendant is asking the Court to modify his sentence. Because there is no legal justification or factual basis to support a modification of the Defendant's sentence, his request should be denied.

## BACKGROUND

From approximately October 2016 through May 2018, the Defendant helped to embezzle approximately $205,421.82 from the American Federation of Government Employees ("AFGE"). He did so by enabling co-conspirator Donnell Owens—who worked at AFGE as a Secretary to the Director of Communications during the relevant period—to submit thirty-four false and fraudulent check requests and invoices for non-existent videography services that the Defendant did not actually provide to AFGE. For his role in the scheme, AFGE's accounting department authorized payments to the Defendant totaling approximately $205,421.82. The Defendant knowingly and willfully received and accepted each payment, keeping a portion of the fraudulently-obtained funds for himself, and providing the other portion of the funds to Owens per their unlawful plan. The

Defendant's knowing, willful, and voluntary actions helped to exploit AFGE's trust in Owens, and AFGE suffered financial hardship because of the Defendant's participation in the crime.

On November 7, 2022, the Defendant pleaded guilty to an Information charging one count of Conspiracy to Commit Embezzlement and Theft of Labor Union Assets, 18 U.S.C. § 371. As noted above, the Defendant was sentenced on February 23, 2023.

## DISCUSSION

The Defendant's letter to the Court appears to request relief primarily on the basis that his prior criminal conviction in Virginia, discussed in the Presentence Investigation Report (ECF No. 17 at 14–16), was "flawed" (ECF No. 33 at 1–2). The Defendant also notes that he has taken efforts to rehabilitate himself, notes that he cooperated with the government in its prosecution of Owens, and attempts to underplay his culpability in the scheme he and Owens engaged in. (*Id.*) He also references vague and unexplained "identified errors" and "newly presented evidence." (*Id.* at 2.) All of those issues were already addressed in the parties' sentencing memoranda and during the sentencing hearing. There is nothing new about them. (*See, e.g.*, ECF No. 20 at 2 ("The first resulted in his 2011 conviction in Virginia that Mr. Bradley maintains grossly exaggerate his role in that offense[.]").)

18 U.S.C. § 3582(c) identifies the Defendant's only options for relief from his sentence. The statute provides that "a court may modify a sentence only in three circumstances: (1) on motion of the Bureau of Prisons, (2) to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, and (3) to reflect a post-sentence reduction in the applicable sentencing guidelines." *United States v. Morris*, 116 F.3d 501, 504 (D.C. Cir. 1997) (internal quotations omitted). In turn, Rule 35 permits modification to correct an

2

"arithmetical, technical, or other clear error" within 14 days after sentencing, or, upon motion from the government, for "substantial assistance in investigating or prosecuting another person." Fed. R. Crim P. 35. None of the provisions set out in 18 U.S.C. § 3582(c) or Rule 35 apply here.

Moreover, the Defendant cites no authority holding that a sentencing court may otherwise reserve jurisdiction to modify a sentence. It is well-settled that district courts do not possess an "inherent power" to correct even an illegal sentence outside of the "specific parameters set forth by the federal statutory provisions controlling sentencing, as well as the Federal Rules of Criminal Procedure[.]" *United States v. Diaz-Clark*, 292 F.3d 1310, 1315 (11th Cir. 2002); *see also United States v. Green*, 405 F.3d 1180, 1184 (10th Cir. 2005) ("A district court does not have inherent power to resentence defendants at any time." (citation omitted)).

WHEREFORE, the foregoing considered, the Defendant's letter request or motion is without merit and should be denied.

                        Respectfully submitted,

                        MATTHEW M. GRAVES
                        United States Attorney
                        for the District of Columbia

By:     */s/ Brian P. Kelly*
        BRIAN P. KELLY
        Assistant United States Attorney
        United States Attorney's Office
        District of Columbia
        D.C. Bar No. 983689
        601 D Street NW
        Washington, DC 20530
        (202) 252-7503
        Brian.Kelly3@usdoj.gov